**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RSUI Indemnity Company, a Delaware Corp., <br><br> Plaintiff, <br><br> vs. <br><br> Associated Electric & Gas Insurance Services Ltd., a Bermuda Corp., <br><br> Defendant. | No. CV 05-2962-PHX-JAT <br><br> **ORDER** |

Pending before the Court are Defendant's Motion to Alter or Amend Judgment (Doc. #78) and Plaintiff's Motion For Attorneys Fees and Related Non-Taxable Expenses (Doc. #76). The Court now rules on the motions.

**I. INTRODUCTION**

Both Plaintiff RSUI Indemnity Co. (RSUI) and Defendant Associated Electric & Gas Insurance Services Limited (AEGIS) issued liability insurance policies that covered Northern Pipeline Company (NPL). RSUI's excess policy provided up to $20 million in coverage, and AEGIS's excess policy provided up to $35 million in coverage. NPL was sued in state court by several children who were critically injured in a gas explosion.

NPL settled the underlying suit for $25 million. A primary insurance policy paid the first $1 million of the settlement. RSUI then paid its full policy limits of $20 million, and AEGIS paid the final $4 million to complete the settlement.

RSUI filed suit seeking contribution and declaratory relief. AEGIS filed for summary judgment on RSUI's claims. RSUI opposed the summary judgment motion, but

did not ask for summary judgment for itself.  Nevertheless, based on the parties briefing, the Court awarded summary judgment to RSUI on May 22, 2007.  The Court ordered AEGIS to contribute to the state court settlement pro rata because the RSUI policy and the AEGIS policy had mutually repugnant "Other Insurance" clauses.

AEGIS has filed a Motion to Alter or Amend Judgment (Doc. #78).  AEGIS asks the Court to reconsider its grant of summary judgment, or, in the alternative, to order further briefing on the issue of mutual repugnance.  RSUI seeks attorneys fees and non-taxable expenses pursuant to A.R.S. § 12-341.01 as the prevailing party in a contract interpretation case.

## II. MOTION TO AMEND JUDGMENT

"Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir.2003) (internal quotation marks omitted).

The Court has reviewed AEGIS's Motion and finds no reason to alter its original summary judgment for RSUI.  Both parties had an adequate opportunity to brief the issue of mutual repugnance, and the Court finds that further briefing would not add anything to the analysis of the issue.  The Court therefore denies the Motion to Alter or Amend Judgment.

## III. MOTION FOR ATTORNEYS FEES

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(a).  Defendant does not contest the reasonableness of the total amount of fees and expenses that Plaintiff seeks. The Court therefore need analyze only whether to award the fees and expenses requested.

Arizona courts have identified the following factors as relevant in deciding whether to award attorneys fees: (1) whether the unsuccessful party had a meritorious claim or defense; (2) whether the litigation could have been avoided or settled so that the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing

- 2 -

1  fees against the unsuccessful party would cause an extreme hardship; (4) whether the
2  successful party prevailed with respect to all the relief it sought; (5) whether the case
3  involved novel legal issues; and (6) whether the award of attorney fees would discourage
4  other parties with tenable claims or defenses from litigating those claims or defenses for fear
5  of incurring liability for substantial amounts of attorneys' fees. *Associated Indem. Corp. v.*
6  *Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

7  Regarding the first factor, Plaintiff argues that Defendant's position in this case
8  lacked merit. In fact, Plaintiff uses the term "legally untenable" (Reply at p. 3). Defendant
9  responds by making the same arguments it made in its Motion for Summary Judgment (Doc.
10 #54) and Motion to Alter or Amend Judgment (Doc. #78).

11 Although not ultimately successful, Defendant made a meritorious argument in its
12 Motion for Summary Judgment. Defendant relied on relevant, though not directly on point,
13 cases, and Defendant cited to the record to support its argument. Further, an Arizona court
14 had never addressed the precise issue presented by this case. The Court finds that the first
15 factor weighs in favor of denying an award of fees.

16 The Court finds that the second factor, whether the case could have been settled, does
17 not favor either party. But that the third factor, financial hardship, weighs in favor of
18 awarding fees. Although significant, the amount of fees and expenses requested in this case,
19 approximately $174,166.87, would not cause an extreme financial hardship to AEGIS.
20 AEGIS has total assets of over $5 billion (Memo. in Support of Mot. for Att'ys Fees (Doc.
21 #87), p. 4). The fourth factor also favors awarding fees to RSUI. When the Court ordered
22 AEGIS to contribute pro rata to the settlement, RSUI prevailed with respect to all the relief
23 it requested.

24 The fifth factor involves the novelty of legal issues in the case. Although Arizona
25 courts have analyzed the problem of mutually repugnant "Other Insurance" clauses in true
26 excess policies, they have not addressed the "super excess policy" argument that AEGIS
27 made here. No Arizona court has decided whether an insured's intent for an overall insurance
28 scheme, despite contrary policy language, can elevate one excess policy over another for

1  purposes of the mutual repugnance rule. The fifth factor therefore favors AEGIS.

2  The Court determines that the final factor, whether the award of attorney fees would
3  discourage other parties with tenable claims or defenses from litigating those claims or
4  defenses for fear of incurring liability for substantial amounts of attorneys' fees, slightly
5  favors RSUI. The potential for an award of attorneys' fees always will have some chilling
6  effect on a party's decision to pursue a claim or a defense. But the amount of fees requested
7  in this case, if awarded, would not have an overly chilling effect on a party who truly
8  believes in its claim or defense.

9  In summary, the Court finds that three factors weigh in favor of awarding fees,
10 although one only slightly; that two factors weigh in favor of rejecting the request for fees;
11 and that one factor is neutral. Even though, technically, more factors favor awarding a fee,
12 the Court declines to do so in this case. AEGIS had a good faith, supportable defense that
13 its lawyers skillfully advocated. No Arizona court had addressed the precise issue in this
14 case. Under those circumstances, the Court will not exercise its discretion to award
15 attorneys' fees to RSUI.

16 Accordingly, IT IS ORDERED DENYING AEGIS's Motion to Alter or Amend
17 Judgment (Doc. #78)

18 IT IS FURTHER ORDERED DENYING RSUI's Motion For Attorneys Fees and
19 Related Non-Taxable Expenses (Doc. #76).

20 DATED this 7th day of March, 2008.

James A. Teilborg
United States District Judge

- 4 -