**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RSUI Indemnity Company, a Delaware Corp., <br><br>       Plaintiff, <br><br> vs. <br><br> Associated Electric & Gas Insurance Services Ltd., a Bermuda Corp., <br><br>       Defendant. | No. CV-05-2962-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Plaintiff's Motion for Entry of Judgment Pursuant to Fed R. Civ. P. 58(d) or Alternative Motion for Summary Judgment on Account of Contribution and for Prejudgment Interest (Doc. # 94). The Court has considered Plaintiff's Statement of Material Facts in Support of its Motion (Doc. # 95), Defendant's Response (Doc. # 101), and Plaintiff's Reply (Doc. # 102). For the following reasons, the Court will deny Plaintiff's Motion.

**I. BACKGROUND**

On May 22, 2007 the Court *sua sponte* granted summary judgment for Plaintiff Royal Speciality Underwriting, Inc. Indemnity Company ("RSUI"). (Doc. # 74). The Court ordered declaratory relief and contribution pro rata from Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS") toward the $20 million paid by RSUI in settlement of the claims against RSUI's and AEGIS's common insured, Northern Pipeline

1 Construction Company. (Id.). The Clerk of Court entered a separate judgment granting
2 summary judgment to RSUI on May 23, 2007 (Doc. # 75).

3 RSUI filed the pending motion on March 19, 2008. In it, RSUI requests that the Court
4 enter final judgment pursuant to Federal Rule of Civil Procedure 58(d) or in the alternative
5 moves for summary judgment on the contribution amount owed to RSUI by AEGIS. AEGIS
6 filed its Notice of Appeal on March 21, 2008 (Doc. #99).

7 **II. DISCUSSION AND CONCLUSION**

8 The Court of Appeals has jurisdiction of appeals from all final decisions of the district
9 courts of the United States. 28 U.S.C. § 1291. "Once a notice of appeal takes effect, the
10 district court loses jurisdiction over the matter placed before the appellate court." *United*
11 *Nat'l. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). But if a notice of
12 appeal is filed with respect to a non-appealable order, the district court is not divested of
13 jurisdiction. *Ruby v. Sec'y. of the United States Navy*, 365 F.2d 385, 388–89 (9th Cir. 1966).

14 Here, RSUI alleges that the May 23, 2007 Judgment by this Court was not an
15 appealable final judgment. RSUI argues that the Judgment did not grant all the relief to
16 which it was entitled as required by Federal Rule of Civil Procedure 54(c). (Doc. # 94 at 2).
17 RSUI contends that the claim for contribution in its First Amended Complaint (Doc. #21) has
18 not been satisfied. RSUI requests that the Court enter a final judgment for RSUI against
19 AEGIS in the amount of $11,272,727.27 and for pre- and post-judgment interest.

20 RSUI further argues that the necessary language of Federal Rule of Civil Procedure
21 54(b) was not included in the May 23, 2007 Judgment to direct entry of a final judgment of
22 fewer than all the claims. (Doc. # 94 at 2). RSUI requests that judgment for its claim for
23 contribution be "set out in a separate document" as required by Federal Rule of Civil
24 Procedure 58. (Doc. # 94 at 1). In the alternative, RSUI request summary judgment on the
25 amount of contribution to be paid, pre-judgment interest, and post-judgment interest.

26 At the time it filed the First Amended Complaint, RSUI had not paid any money to
27 the underlying plaintiffs. Accordingly, the First Amended Complaint reads:

28

- 2 -

> Although the underlying action is still pending in Arizona state court . . . the parties have reached a confidential settlement agreement. As part of the settlement agreement, RSUI *will tender* the full amount of its policy limits. . . . RSUI is due contribution from AEGIS *to the extent of the amount RSUI will pay in excess of its pro-rata share* of the common liability.

(First Am. Compl. ¶¶25-26, 28)(emphasis added).  RSUI never asked for a sum certain. Also, in the Prayer for Relief, RSUI requested only the following:

> A. A judgment by this Court declaring that the RSUI Policy and AEGIS Policy provide excess liability insurance to Northern Pipeline at the same coverage level, and that the proper method of allocating the insurers' indemnity obligation is proration;
>
> B. Relief in the form of contribution;
>
> C. Reasonable attorney's fees and costs incurred;[1] and
>
> D. Such further relief as the Court deems proper.

(First Am. Compl. p. 5).

In the Summary Judgment Order, the Court stated: "Because the Court cannot give effect to both 'Other Insurance' clauses without defeating coverage all together, the Court finds them mutually repugnant. The Court therefore grants summary judgment to Plaintiff RSUI. RSUI and AEGIS *shall contribute to the settlement pro rata*." (Doc. #74, p. 6)(emphasis added). By ordering AEGIS to contribute to the underlying settlement on a pro-rata basis, the Court ordered all the relief that RSUI requested.

The Court granted summary judgment to Plaintiff, not partial summary judgment. The Summary Judgment Order disposed of all the issues in the case and was a final and appealable order. And the Clerk of the Court already has entered a separate judgment for Plaintiff pursuant to 58(d) (Doc. #75). Furthermore, Rule 54(b) does not require the Court to certify that its order or judgment is final. On the contrary, the rule requires the "no just reason for delay" language only when the judgment disposes of less than all the claims or all the parties. Because the Order granting summary judgment for RSUI resolved all claims in

---

[1] The Court denied RSUI's request for attorneys fees in the Order at Docket Number 93.

- 3 -

1 this litigation, including RSUI's request for contribution in an unspecified amount, there was
2 no reason for the Order or the Judgment to have Rule 54(b) language.

3     Up until filing the pending motion, RSUI certainly has proceeded as if the Judgment
4 were final. RSUI moved for attorneys' fees on June 4, 2007 (Doc. #77). In the memo in
5 support of attorneys' fees, RSUI stated, "Fourth, RSUI has prevailed with respect to all of
6 the relief sought. The Court declared that the 'Other Insurance' clauses were mutually
7 repugnant, and that RSUI was entitled to pro rata contribution from AEGIS on the underlying
8 settlement. That is precisely the relief sought in the Amended Complaint." (Doc. #87, p. 4).
9 RSUI also filed a Bill of Costs (Doc. #80) and an Amended Bill of Costs (Doc. #85), and the
10 Clerk has granted costs to RSUI. Finally, in its Response (Doc. #83) to AEGIS's Motion to
11 Amend Judgment (Doc. #78), RSUI never argued that the Judgment was not final.

12     If RSUI did not believe that the Judgment entered in its favor was final or that it was
13 entered in error, RSUI should have moved to amend the judgment pursuant to either Rule 59
14 or Rule 60 within the time periods allowed by those rules. RSUI chose not to do so. Because
15 the Court's Order was final and appealable under 28 U.S.C. §1291 and AEGIS has filed a
16 timely appeal, the Court no longer has jurisdiction over this case. *United Nat'l. Ins.*, 242
17 F.3d at 1109. The Court therefore denies the pending Motion for want of jurisdiction.

18     Accordingly,

19     **IT IS ORDERED** that Plaintiff's Motion for Entry of Judgment or Alternative
20 Motion for Summary Judgment (Doc. # 94) is denied.

21
22     DATED this 19th day of May, 2008.

23
24                                 James A. Teilborg
25                                 United States District Judge
26
27
28